Ramin R. Younessi, Esq. (SBN 175020)
ryounessi@younessilaw.com
Heather N. Phillips, Esq. (SBN 258638)
hphillips@younessilaw.com
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiffs,
CHRISTIAN DAVID NAJARRO, an individual,
and on behalf of all aggrieved employees

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN DAVID NAJARRO, an individual, and on behalf of all aggrieved employees<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION, a Washington corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-12008-SVW-AGR<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>**1. VIOLATION OF THE CALIFORNIA WARN ACT (CA. LABOR CODE §1400 ET. SEQ.); AND**<br><br>**2. PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE §2699, ET SEQ.).**<br><br>**DEMAND OVER $35,000**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF, CHRISTIAN DAVID NAJARRO, an individual, on behalf of himself, and all aggrieved employees (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint against Defendant STARBUCKS CORPORATION, a Washington corporation and DOES 1 through 20 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and thereon allege as follows:

## I. INTRODUCTION

1. This is a civil action seeking recovery of damages and civil penalties for Defendant's violation of the California Worker Adjustment and Retraining Notification Act ("CA. WARN Act"), Labor Code §1400 et seq.

2. To provide employees with ample time to plan for possible unemployment and loss of benefits, the California Warn Act requires employers to notify employees at least 60 days before the layoff of greater than fifty (50) employees in a thirty (30) day period.

3. Here, Defendants failed to provide at least sixty (60) days notice before the layoff of over fifty (50) employees in a thirty (30) day period as required by Cal. Labor Code §1401.

4. For Defendants' violation of the California Warn Act, Defendants are liable to Plaintiffs for (1) back pay at the average regular rate of compensation received by the Plaintiffs during the last three years of his or her employment, or the Plaintiff's final rate of compensation, whichever is higher; and (2) The value of the cost of any benefits to which the Plaintiffs would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by the Plaintiffs that would have been covered under an employee benefit plan. Liability under this section is calculated for the period of the employer's violation, up to a maximum of 60 days as set forth in Cal. Labor Code 1402 (b) and (c.)

5. An employer who fails to give notice as required by Cal. Labor Code §1401 is also subject to a civil penalty of not more than five hundred dollars ($500) for each day of the employer's violation as set forth in Cal. Labor Code §1403.

## II. JURISDICTION AND VENUE

6. On October 28, 2025, Plaintiff filed a state court action in the Superior Court of the State of California for the County of Los Angeles, entitled CHRISTIAN DAVID NAJARRO, an individual on behalf of all others similarly situated, Plaintiffs v.

STARTBUCKS CORPORATION, a Washington Corporation; and DOES 1 through 20, inclusive, Defendants, Case No. 25STCV32024 ("State Court Action").

7. On December 19, 2025, Defendant removed the State Court Action to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446.

8. The Court has jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) except that Plaintiff was recently provided with a copy of an Arbitration Agreement that Plaintiff and Defendant have now agreed is enforceable and the parties intend to stipulate to initiate Arbitration. Plaintiff files this First Amended Complaint to add a cause of action pursuant to the Private Attorneys General Act.

## III. THE PARTIES

### PLAINTIFF CHRISTIAN DAVID NAJARRO

9. Plaintiff CHRISTIAN DAVID NAJARRO ("NARJARRO) is an individual over the age of eighteen (18) and is now and at all times mentioned in this Complaint was a citizen of the State of California.

10. Plaintiff NARJARRO worked for Defendants as a shift supervisor from on or about September 1, 2022 through September 27, 2025, within the County of Los Angeles, California.

### DEFENDANT STARBUCKS CORPORATION

11. Defendant STARBUCKS CORPORATION (hereinafter "STARBUCKS") was and is a Washington corporation doing business in the County of Los Angeles, State of California. At all relevant times, Defendant STARBUCKS employed 50 or more employees.

## DOES 1 – 20, INCLUSIVE

12. DOES 1 to 20, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

13. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 20, inclusive and for that reason, DOES 1 to 20 are sued under such fictitious names pursuant to CCP §474.

14. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

## ALL DEFENDANTS

15. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

16. Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

17. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

18. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership, and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership, and common enterprise.

19. Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the

other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

20. Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

21. Defendants, and each of them, at all times mentioned in this Complaint, aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

22. Plaintiffs are informed and believe, and based thereupon allege, that Defendants, and each of them, including those defendants named as DOES 1-20 acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiffs are further informed and believe, and based thereupon allege, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiffs harm.

23. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## FACTUAL ALLEGATIONS

24. Defendants operated facilities in California that were "covered establishments" as the term is defined in Cal. Labor Code §1400, because they employed 75 or more persons in their facilities in the twelve (12) months preceding the layoffs.

25. Plaintiff alleges that on or about September 28, 2025, Defendants laid off fifty (50) or more employees, with no prior notice.

26. Defendants are therefore liable to Plaintiff and the aggrieved employees for (1) back pay at the average regular rate of compensation received by the Plaintiff during the last three years of his or her employment, or Plaintiff's final rate of compensation, whichever is higher; and (2) The value of the cost of any benefits to which Plaintiff would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by Plaintiff that would have been covered under an employee benefit plan as set forth in Cal. Labor Code §1402.

27. To date, Defendants gave failed to pay Plaintiff and the aggrieved employees the back wages and benefits owed as set forth in Cal. Labor Code §1402.

28. An employer who fails to give notice as required by Cal. Labor Code §1401 is also subject to a civil penalty of not more than five hundred dollars ($500) for each day of the employer's violation as set forth in Cal. Labor Code §1403.

## FIRST CAUSE OF ACTION
## FOR VIOLATION OF THE CALIFORNIA WARN ACT
## (CA. LABOR CODE §1400 ET. SEQ.)
## AGAINST ALL DEFENDANTS

29. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth in full herein.

30. Per Cal Labor Code §1401, "an employer may not order a mass layoff, relocation, or termination at a covered establishment unless, 60 days before the order takes effect, the employer gives written notice of the order to the following: (1) The employees of the covered establishment affected by the order; (2) The Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the termination, relocation, or mass layoff occurs."

31. Defendants operated facilities in California that were "covered establishments" as the term is defined in Cal. Labor Code §1400, because they employed 75 or more persons in their facilities in the twelve (12) months preceding the layoffs.

32. Plaintiff alleges that on or about September 28, 2025, Defendants laid off fifty (50) or more employees, with no prior notice.

33. Defendants are therefore liable to Plaintiff and the aggrieved employees for (1) back pay at the average regular rate of compensation received by the Plaintiff during the last three years of his or her employment, or the Plaintiff's final rate of compensation, whichever is higher; and (2) The value of the cost of any benefits to which Plaintiff would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by Plaintiff that would have been covered under an employee benefit plan as set forth in Cal. Labor Code §1402.

34. Liability under this section is calculated for the period of the employer's violation, up to a maximum of 60 days, or one-half the number of days that the employee was employed by the employer, whichever period is smaller.

35. To date, Defendants gave failed to pay Plaintiff and the aggrieved employees the back wages and benefits as set forth in Cal. Labor Code §1402.

36. Defendants' failure to pay the back wages and benefits as set forth in Cal. Labor Code §1402 as alleged herein is unlawful and creates entitlement, pursuant to Cal. Labor Code §1402, to recovery by Plaintiff and the aggrieved employees in a civil action for the unpaid balance of the full amount of the back wages and benefits owed.

37. An employer who fails to give notice as required by Cal Labor Code §1401 is also subject to a civil penalty of not more than five hundred dollars ($500) for each day of the employer's violation as set forth in Cal. Labor Code §1403.

38. Pursuant to Labor Code §1404, Plaintiff also requests that the court award reasonable attorneys' fees and costs incurred by Plaintiffs in this action.

**SECOND CAUSE OF ACTION**

**FOR PENALTIES PURSUANT TO PRIVATE ATTORNEY GENERAL ACT**

**LABOR CODE §2699**

**AGAINST ALL DEFENDANTS**

39. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth in full herein.

40. Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

41. Plaintiff was an aggrieved employee within the meaning of Labor Code §2699(a) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against him and other aggrieved employees, as previously pleaded in this Complaint.

42. On October 9, 2025, more than 65 calendar days before filing this Complaint, Plaintiff provided written notice by online filing to the Labor and Workforce Development Agency and to Defendant of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a). These violations included Labor Code §§ 1401, 1403.

43. Under Labor Code §2699.3(c)(2)(A), Defendants may cure alleged violations within 33 calendar days of the postmarked date of the written notice sent by Plaintiff. As of the filing of this Complaint, Defendants have not cured such violations within the specified time period. Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3

44. As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants. Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

45. As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§1401, 1403.

46. Plaintiff, as a personal representatives of the general public, will and does seek to recover any and all penalties for each and every violation shown to exist or to have occurred during the one year period before Plaintiff filed Notice with the LWDA of the intent to bring this action, in an amount according to proof, as to those penalties that are otherwise only available to public agency enforcement actions. Funds recovered will be distributed in accordance with the PAGA, with at least 65% of the penalties recovered being reimbursed to the State of California and the Labor and Workforce Development Agency. Plaintiff is also entitled to reasonable attorney's fees and costs, and 35% of the recovered civil penalties, pursuant to Labor Code §2699(m). This claim under Labor Code §2699 and §2699.3 et seq., does not require class certification as it is brought pursuant to the Private Attorneys General Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

As to the First Cause of Action for Violation of the California Warn Act:

1. For recovery of the unpaid balance of the full amount of back wages and benefits due and owing as set forth in Cal. Labor Code §1402, according to proof;

2. For civil penalties of not more than five hundred dollars ($500) for each day of the employer's violation as set forth in Cal. Labor Code §1403;

3. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §1404;

As to the Second Cause of Action for Derivative PAGA Violations of Labor Code §2699:

4. For civil penalties pursuant to Labor Code §2699(f), in addition to and entirely independent and apart from other penalties in the Labor Code and for Labor Code violations without a specific penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

5. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §2699(g)(1) and any other applicable statute;

As to All Causes of Action:

6. For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

DATED: February 24, 2026

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: ______________________
Ramin R. Younessi, Esq.
Attorney for Plaintiffs
CHRISTIAN DAVID NAJARRO, an individual, and on behalf of all aggrieved employees

**JURY TRIAL DEMANDED**

Plaintiffs demand trial of all issues by jury.

DATED: February 24, 2026

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: ______________________
Ramin R. Younessi, Esq.
Attorney for Plaintiffs
CHRISTIAN DAVID NAJARRO, an individual, and on behalf of all aggrieved employees

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On May 18, 2026, I served the foregoing document described as **FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Matthew Ryan Richardson
**Ogletree Deakins Nash Smoak and Stewart PC**
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
matthew.richardson@ogletree.com

*Attorneys for Defendant, STARBUCKS CORPORATION*

Alexander Miller Chemers
**Ogletree Deakins Nash Smoak and Stewart PC**
400 South Hope Street Suite 1200
Los Angeles, CA 90071
alexander.chemers@ogletree.com

☒ BY NOTICE OF ELECTRONIC FILING: The above-listed counsel has consented to electronic service and have been automatically served by the Notice of Electronic Filing automatically generated by CM/ECF at the time said document was filed and which constitutes service pursuant to FRCP 5(b)(2)(D).

Executed on May 18, 2026, at Los Angeles, California.

☒ FEDERAL I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Elizabth Pineda      */s/ Elizabeth Pineda*